106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo MARTINEZ-MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70713.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1996.*
Decided Dec. 24, 1996.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, INS No. Avo-ipq-mqi.
 
 INS
 DENIED
 
 2
 Before: REINHARDT and RYMER, Circuit Judges and TANNER, District Judge.***
 
 
 3
 MEMORANDUM**
 
 
 4
 Petitioner Ricardo Martinez-Martinez was ordered to show cause why he should not be deported after conviction for a crime of moral turpitude within five years of entry into this country. He applied for the relief of asylum and withholding of deportation. The Immigration Judge found him deportable and denied him relief. The Board of Immigration Appeals dismissed his appeal. We deny the petition for review.[1]
 
 
 5
 Martinez-Martinez failed to demonstrate that "persecution is a reasonable possibility." INS v. Cardoza Fonseca, 480 U.S. at 440 (quoting INS v. Stevic, 467 U.S. 407, 424-25. (1984)). Martinez-Martinez must show a danger of individualized harm; not simply "general conditions of strife." Rebello-Jovel v. INS, 794 F.2d 441, 443 (9th Cir.1986). Martinez-Martinez claims that because he was forced to fight in the anti-government FMLN for two years as a teenager, if he were to return to El Salvador he would be viewed by others as a leftist. Put another way, Martinez-Martinez is claiming that he would be persecuted based upon the political opinion that would be imputed to him by others. See Desir v. Ilchert, 840 F.2d 723, 728 (9th Cir.1988). He has not, however, provided any evidence that anyone ever sought in the past or has been attempting recently to determine his individual whereabouts or has at any time shown any interest in seeking retribution against him individually. To the contrary, in his asylum hearing he revealed that recent talks with his sister and father indicated that no one has inquired about him. In short, Martinez-Martinez has not demonstrated that he has a well-founded fear of persecution based upon political opinion.[2] INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1 (1992).
 
 
 6
 Accordingly, we DENY the petition for review.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 ***
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We assume for purposes of this decision that we have jurisdiction over the petition to review
 
 
 [2]
 Although petitioner did not raise the issue of withholding of deportation in his brief to this court, we note that the standard for this form of relief is more rigorous than that for asylum. See INS v. Stevic, 467 U.S. 407, 430 (1984) (holding that eligibility for the relief of withholding of deportation is the "clear probability of persecution" standard)